IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  TRISTAN STAND, an individual,<br><br>         Plaintiff,<br><br>v.<br><br>2.  TRIBAL FIRST, A Specialized Program of ALLIANT SPECIALTY INSURANCE SERVICES, INC.,<br><br>         Defendant. | Case No. 2017-CV-00129-CVE-TLW |

## JOINT STATUS REPORT

**Jury Demanded**:    ☒ Yes    ☐ No

**I.    Summary of Claims**:

Uninsured/Underinsured Motorist coverage.

This case is controlled by *Ply v. National Union Fire Insurance Company,* 2003 OK 97, 81 P.3d 643. The Oklahoma Supreme Court clearly considered the fact that National Union, apparently like Hudson, provided liability coverage under their policy. It became uninsured under the policy because the employer there, like the employer here, was immune from suit under the Worker's Compensation statutes:

> UM coverage is triggered if the at-fault motorist is a co-employee even though the co-employee is not answerable in a tort action because of the workers' compensation immunity. *Torres v. Kansas City Fire and Marine Insurance Co.,* 1993 OK 32, ¶15, 849 P.2d 407, 412; *Barfield v. Barfield,* 1987 OK 72, ¶13, 742 P.2d 1107, 1112; *Ply v. National Union Fire Insurance Company,* 2003 OK 97, 81 P.3d 643.

Plaintiff agrees to substitute Hudson as the proper Defendant.

   A.    Claims to be Dismissed:  None.

**II.    Summary of Defenses**:

"Tribal First, a Specialized Program of Alliant Specialty Insurance Services, Inc." is not a proper defendant. The vehicle in question, which was owned by the Quapaw Tribe of Oklahoma ("Tribe"), was insured by Hudson Insurance Company ("Hudson") under

{1617030;}

Sovereign Nation Commercial Insurance Policy Number NACL00090-11 ("Policy"), on which the Named Assureds were the Tribe and Quapaw Tribe Development Corporation. The Policy required loss reporting to Tribal First/Alliant Specialty Insurance Services, Inc., but the coverage decisions in question were made by Hudson. Hudson is willing to be substituted as the proper defendant.

First, Plaintiff is not entitled to uninsured motorist ("UM") coverage under the Policy because the vehicle in question was not uninsured or underinsured at the time of the incident in question, but instead, liability insurance for the vehicle, with a coverage limit of $10 million, existed under the Policy. The UM endorsement to the Policy, in conformance with OKLA. STAT. tit. 36, § 3636, provided in part as follows:

> "Hudson" will indemnify the Named Assured for compensatory damages the Named Assured or other "Assureds" protected by this insurance *who are entitled to collect from the owner or driver of an uninsured or underinsured automobile* if the damages result from an accident that causes: … [Emphasis added]

Because the vehicle in question was not uninsured or underinsured, the predicate for UM coverage under the UM endorsement of the Policy does not exist. Plaintiff's reliance on *Ply v. Nat'l Union Fire Ins. Co.*, 2003 OK 97, 81 P.3d 643, is misplaced. In *Ply*, the insurance company apparently did not make this argument and in any event the court did not decide this legal issue. UM coverage mandated by Oklahoma's UM statute is not intended to and does not provide coverage in a situation like that presented by this case — where the vehicle in question was in fact adequately covered by liability insurance. Defendant believes this issue deserves full briefing — and that it is in the interest of justice to have this issue decided, after full briefing, before the Court sets a schedule for the litigation. If the Court decides the issue in favor of Defendant, judgment should be for Defendant; if the Court decides the issue in favor of Plaintiff, the second and third issues noted below still remain for resolution.

Second, Defendant denies that the Tribe was at fault as to the incident in question. Even if UM coverage might apply despite the Defendant's first argument, above, *Ply* teaches that UM coverage does not exist unless Plaintiff's employer was at fault, and the Tribe was not at fault as to the incident in question.

Third, on information and belief, Plaintiff was negligent during the incident in question and that negligence was at least 50% the cause of the incident; accordingly, under principles of contributory/comparative negligence, Plaintiff is not entitled to recover or his recovery should be reduced by the percentage of his negligence.

    A.    Defenses to be Abandoned: None.

**III.**    **Motions Pending** (Include Docket Number, Description and Date at Issue)**: None**

**IV.   Stipulations:**

A.   Jurisdiction Admitted:   ☒ Yes    ☐ No (If no, explain.)

B.   Venue Appropriate:   ☒ Yes    ☐ No (If no, explain.)

C.   Facts:

1. On September 7, 2016, Plaintiff Tristan Stand ("Plaintiff" or "Stand") was employed by the Quapaw Tribe of Oklahoma ("Tribe").

2. On September 7, 2016, Plaintiff, during the course of his employment by the Tribe, was involved in a single-vehicle motor vehicle accident while driving a truck owned by the Tribe. The accident occurred when the left front tire of the vehicle blew out and Plaintiff lost control of the vehicle.

3. At time of the incident, the vehicle in question was insured by Hudson Insurance Company ("Hudson") under Sovereign Nation Commercial Insurance Policy Number NACL00090-11 ("Policy"), on which the Named Assureds were the Tribe and Quapaw Tribe Development Corporation.

4. Subject to the terms and conditions of the Policy, at the time of the incident the vehicle was insured under the Policy with liability insurance limits of $10 million, and the Policy included a UM endorsement. Subject to its terms and conditions, the UM endorsement has a limit of $1 million.

D.   Law: Oklahoma law applies

**V.   Proposed Deadlines:**

The Defendant asks the Court to set a schedule for briefing the issue regarding whether the Policy does not provide UM coverage to Plaintiff because the Policy provided liability coverage on the vehicle at the time of the incident, and to set a schedule (if necessary) after that issue is fully briefed and decided; the suggested dates run from the Court's decision of that issue — if the Court rules in favor of Hudson, judgment should be for the Defendant; if the Court rules in favor of Plaintiff, the suggested schedule would be implemented. The Plaintiff believes the Oklahoma Supreme Court did consider this issue and cited as precedent *Ply v. National Union Fire Insurance Company,* 2003 OK 97, 81 P.3d 643.

A.   Parties to be Added by:  Ten (10) days after Court's decision

B.   Proposed Discovery Cutoff Date (4 Months of Discovery Unless Extended by the Court for Good Cause):  Four (4) months after Court's decision

C.   Fact Witness Lists to be Exchanged by:  Thirty (30) days after Court's decision

{1617030;}                                    3

    D.    Proposed Date for Expert Reports by Plaintiff and Defendant: Sixty (60) days before Discovery Cutoff

**VI.  Fed. R. Civ. P. 26(f) Discovery Plan**

    A.    Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?  ☐ Yes (If yes, explain.)  ☒ No

    B.    When were or will initial disclosures under Rule 26(a)(1) be made?  May 15, 2017

Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan. All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a magistrate judge for resolution. Failure of any party to disclose information or failure of any party to bring disclosure issues to the Court's attention in a timely manner may result in sanctions, including prohibiting the use of that information at trial pursuant to Rule 37(c)(1).

    C.    Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?  ☐ Yes  ☐ No

The parties disagree on this. Plaintiff thinks no. Defendant believes discovery should be deferred until the Court decides the coverage issue outlined above.

    D.    Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?
☐ Yes (If yes, explain.)  ☒ No

    E.    Proposed Number of Fact and Expert Depositions:

        1.    To be allowed for Plaintiff?  10 Fact/2 Expert

        2.    To be allowed for Defendant?  10 Fact/2 Expert

    F.    Is there a need for any special discovery management order(s) by the Court?
☐ Yes (If yes, explain.)  ☒ No

    G.    The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

**VII.   Anticipated Dispositive Motions?**

☒ Yes (If yes, describe.)

Plaintiff anticipates filing a Motion for Summary Judgment as to liability and coverage.

Defendant anticipates filing a Motion for Judgment on the Pleadings and/or Motion for Summary Judgment based on its first defense — that Plaintiff is not entitled to UM coverage under the Policy because the vehicle in question was not uninsured or underinsured.

☐ No

**VIII.   Do all parties consent to trial before the assigned magistrate judge?**

☐ Yes    ☒ No

**IX.   Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**

☐ Yes    ☒ No

**X.   Settlement Plan** (Check one):

☒ Settlement Conference Requested After:  Close of discovery.
   Describe Settlement Judge Expertise Required, If Any: _____

☐ Private Mediation Scheduled On:

☐ Other ADR (Explain):

☐ ADR Appropriate:
   ☐ Yes
   ☐ No (If no, explain.)

Copy of the Court's ADR Booklet Provided to Clients as Required?

    Plaintiffs:      ☒ Yes    ☐ No
    Defendants:   ☒ Yes    ☐ No

**XI.   Does this case warrant special case management?**

☐ Yes (If yes, explain.)
☒ No

{1617030;}                                                        5

**XII.    Do the parties request that the Court hold a scheduling conference?**

☒  Yes (Defendant)        ☒  No (Plaintiff)

At the conference, the Defendant will be prepared to explain why it is suggesting that the Court set a schedule for briefing the issue regarding whether the Policy does not provide UM coverage to Plaintiff because the Policy provided liability coverage on the vehicle at the time of the incident, and that the remaining schedule be deferred until a decision on that issue.

Plaintiff does not believe a conference is required. If a conference is not requested or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

**XIII.    Estimated Trial Time:  4-5 days**

| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANTS |
|---|---|
| */s/ G. Steven Stidham* | */s/ John Henry Rule* |
| G. Steven Stidham, OBA #8633 | John Henry Rule, OBA #7824 |
| John M. Thetford, OBA #12892 | Justin A. Lollman, OBA #32051 |
| LEVINSON, SMITH & HUFFMAN, PC | GABLE GOTWALS |
| 1743 E. 71st Street | 1100 ONEOK Plaza |
| Tulsa, OK  74136-5108 | 100 W. Fifth Street |
| Telephone:    (918) 492-4433 | Tulsa, OK  74103-4217 |
| Facsimile:     (918) 492-6224 (Fax) | Telephone:    (918) 595-4800 |
| Email: gstidham@lsh-law-firm.com | Facsimile:     (918) 595-4990 (Fax) |
| j.thetford@lsh-law-firm.com | Email: jrule@gablelaw.com |
| | jlollman@gablelaw.com |