# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRISTAN STAND, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 17-CV-0129-CVE-JFJ |
| | ) |
| HUDSON INSURANCE COMPANY, | ) |
| | ) |
|        **Defendant.** | ) |

## OPINION AND ORDER

Now before the Court are the Motion for Judgment on the Pleadings and Brief in Support of Defendant Hudson Insurance Company (Dkt. # 17) and plaintiff Tristan Stand's counter-motion for judgment on the pleadings (Dkt. # 21). Defendant Hudson Insurance Company (Hudson) argues that plaintiff cannot recover uninsured/underinsured motorist (UIM) benefits under his employer's insurance policy with Hudson, because the vehicle involved in the automobile accident had liability coverage up to $10 million and the vehicle was fully insured. Plaintiff responds that his employer is immune from suit and plaintiff cannot recover under his employer's automobile liability policy, and that there are decisions by the Oklahoma Supreme Court directly on point that allow him to recover UIM benefits under these circumstances.

**I.**

Plaintiff alleges that he was employed as a fireman for the Quapaw Tribe of Oklahoma (the Tribe) and, on September 7, 2016, he was involved in a single-vehicle accident while operating a Tribal vehicle. Dkt. # 2, at 2. Plaintiff claims that the vehicle was poorly maintained by the Tribe, and the vehicle rolled over after a tire blowout. Id. Plaintiff suffered serious personal injuries in the accident. Hudson issued a multi-line sovereign nation commercial insurance policy to the Tribe that

provides, inter alia, automobile liability coverage up to $10 million per occurrence and UIM coverage up to $1 million per occurrence.[1] Dkt. # 17-1. However, the policy does not provide coverage for any liability that is covered by the Tribe's workers' compensation laws. Id. at 34. The parties do not dispute that plaintiff was acting within the scope of his employment at the time of the accident and that plaintiff can seek benefits under the Tribe's workers' compensation regime.[2] Dkt. # 20, at 2.

Plaintiff filed this case seeking a declaratory judgment that he is entitled to UIM benefits under the Tribe's insurance policy, and he originally named Tribal First as the named defendant. Dkt. # 2. Hudson filed a motion to substitute parties and plaintiff agreed that Hudson was the proper defendant. Dkt. # 13. The parties filed a joint status report (Dkt. # 11), wherein Hudson asked the Court to enter a briefing schedule on the issue of the status of the Tribe as an uninsured or underinsured party. Dkt. # 11, at 3. Hudson argues that the vehicle plaintiff was driving was fully insured, even though coverage was excluded for plaintiff's claim, and Hudson asserts that plaintiff cannot recover UIM benefits under the policy. Id. The Court entered a briefing schedule, and

---

[1] Hudson has attached a copy of the insurance policy to its motion for judgment on the pleadings. Plaintiff referenced the insurance policy in his complaint and this document is central to plaintiff's claim for declaratory judgment, and the Court can reference the insurance policy without converting Hudson's motion into a motion for summary judgment. GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1281, 1384 (10th Cir. 1997).

[2] Plaintiff also points out that the Tribe has sovereign immunity from suit. Dkt. # 20, at 2. However, the relevant fact for the parties' insurance coverage dispute is that plaintiff's injury occurred within the scope of his employment and that his remedy against the Tribe is governed by the Tribe's workers' compensation laws. It is the workers' compensation exclusion in the insurance policy that Hudson is relying on to assert that it is not required to pay an automobile liability claim, and it is also the workers' compensation exclusion that plaintiff relies on to show that the Tribe is deemed uninsured for a direct automobile liability claim. The Tribe may also have sovereign immunity from suit, but this is not the reason that plaintiff cannot obtain benefits under the Tribe's automobile liability policy.

Hudson filed a motion for judgment on the pleadings asserting that plaintiff cannot recover UIM benefits. Plaintiff has filed a response and counter-motion for judgment on the pleadings asking the Court to declare that he is entitled to UIM benefits.[3]

**II.**

Under Fed. R. Civ. P. 12(c), a party may file a motion for judgment on the pleadings after the pleadings are closed but "early enough not to delay the trial." A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standards applicable to motions under Rule 12(b)(6). Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil

---

[3] The Court did not invite briefing on the factual issue as to whether the Tribe negligently maintained the vehicle, but it appears that plaintiff is asking the Court to declare that the Tribe was at fault for the purpose of his UIM claim. Hudson disputes that the Tribe is at fault and argues that plaintiff may have been contributorily negligent, and the Court finds that this is a factual dispute that cannot be resolved on a motion for judgment on the pleadings. The Court's analysis in this Opinion and Order will be limited to the issue of whether the vehicle operated by plaintiff is uninsured or underinsured as a matter of Oklahoma law.

actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).

**III.**

Hudson argues that the vehicle involved in the accident had $10 million in liability coverage, and that the vehicle cannot be deemed uninsured or underinsured as a matter of Oklahoma law. Plaintiff responds that the amount of liability coverage is irrelevant in this case, because the Tribe is immune from suit under its workers' compensation laws and he is not precluded from seeking UIM benefits from the Tribe's insurer.

As a matter of Oklahoma law, no automobile liability insurance policy shall be issued, delivered, renewed, or extended unless the policy provides the minimum amount of UIM coverage required by statute. OKLA. STAT. tit. 36, § 3636.A. "The purpose of an uninsured motorist provision in an insurance contract is to protect the insured from the effects of personal injury resulting from an accident with another motorist who carries no insurance or is underinsured." Uptegraft v. Home Ins. Co., 662 P.2d 681, 684 (Okla. 1983). Section 3636 defines "uninsured motor vehicle" as "insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency" or the "liability limits of [the policy] are less than the amount of the claim of the person or persons making such claim, regardless of the amount of either of the parties in relation to each other." OKLA. STAT. tit. 36, § 3636.B. The Oklahoma Supreme Court has construed this provision "liberally

4

in favor of the object to be accomplished," and the statutory definition of "uninsured motor vehicle" must be read in light of the strong public policy of protecting an insured from personal injuries caused by an uninsured or underinsured motorist. State Farm Auto Ins. Co. v. Greer, 777 P.2d 941, 942 (Okla. 1989). The insured has the burden to show that all preconditions for UIM coverage exist before he can recover UIM benefits from his insurer. Gates v. Eller, 22 P.3d 1215, 1219 (Okla. 2001). The Oklahoma Supreme Court has stated that a claim for UIM benefits has four elements:

> 1) the injured person is an insured under the [UIM] provisions of a policy; 2) the injury to the insured has been caused by an accident; 3) the injury to the insured has arisen out of the "the ownership, maintenance or use" of a motor vehicle; and 4) the injured insured is "legally entitled to recover damages from the owner or operator of the uninsured motor vehicle."

Ply v. National Union Fire Ins. Co. of Pittsburgh, Pennsylvania, 81 F.3d 643, 647 (Okla. 2003).

The meaning of the phrase "legally entitled to recover damages" has frequently been disputed, and the Oklahoma Supreme Court has liberally interpreted this language. UIM coverage is direct and primary insurance coverage and an insured does not have to proceed against a tortfeasor before seeking UIM benefits. Assalone v. Hartford Acc. & Indem. Co., 908 P.2d 812, 814 (Okla. Civ. App. 1994). An insured may seek UIM benefits from an insurer even after the statute of limitations to bring a claim against the tortfeasor has expired. Gates, 22 P.3d at 1219. The insured seeking UIM benefits must prove that the uninsured motorist is at fault for the accident, but the insured is not required to obtain a judgment against the uninsured motorist. Lamfu v. GuideOne Ins. Co., 131 P.3d 712, 714-15 (Okla. Civ. App. 2005). UIM coverage is available as long as the insured establishes the fault of the uninsured motorist, even if the insured could not prove all of the elements of a tort claim against the uninsured motorist. Barfield v. Barfield, 742 P.2d 1107, 1112 (1987).

The Oklahoma Supreme Court has considered whether UIM benefits are available in the context of the employer/employee relationship when the exclusive remedy of workers' compensation law would prevent the injured employee from bringing a tort claim against his employer. In Barfield, an employee was a passenger in a company vehicle being driven by a co-worker, and the employee was killed in a single-vehicle accident that occurred with the scope of employment. 742 P.2d at 1109. The employee's widow recovered workers' compensation benefits from the employer, but she also sought UIM benefits from the decedent's insurer. Id. The Oklahoma Supreme Court found that the widow could not proceed with a tort claim against the co-worker's estate, but the exclusive remedy provision of Oklahoma's workers' compensation laws did not preclude a contractual claim for UIM benefits against the decedent's own insurer. Id. at 1112. A key part of the Oklahoma Supreme Court's reasoning was that the decedent had paid for protection from uninsured or underinsured motorists, and the decedent's estate should not be denied UIM benefits simply because of the circumstances under the which the accident occurred. Id. at 1112-13. The Oklahoma Supreme Court found no conflict between the exclusive remedy provision of the workers' compensation laws and § 3636, even though the decedent's UIM carrier would have no right of subrogation against the tortfeasor. Id. at 1112. The insurance carrier could not rely on third party tort immunity as a basis to deny UIM coverage, because it would be manifestly unjust to allow the insurer to avoid its contractual duty merely based on the immunity of a third party. Id. at 1113. The focus of Barfield was on the "legally entitled to recover" aspect of a UIM claim, and the Oklahoma Supreme Court did not expressly state that the negligent co-employee was uninsured due to his immunity from tort claims under workers' compensation law.

In Torres. v. Kansas City Fire & Marine Ins. Co., 849 P.2d 407 (Okla. 1993), the Oklahoma Supreme Court considered whether the estate of an employee killed in a work-related automobile accident could recover against the employer's UIM coverage. Christopher Torres was killed in a single vehicle accident, in which the vehicle was owned by the employer and was being driven by a co-employee. Id. at 409. There was no dispute that Torres and his co-worker were acting within the scope of their employment or that the co-worker was negligent. Id. Torres' estate recovered workers' compensation benefits and sought to recover UIM benefits from Kansas City Fire and Marine Insurance Company (Kansas City). Id. Kansas City had issued an automobile liability insurance policy to Torres' employer, and the policy also provided UIM coverage in the amount of $500,000. Id. Kansas City did not deny that Torres was an insured under the UIM policy, but it argued that Barfield was inapplicable because the insurance policy at issue was not purchased by the decedent. Id. at 410. The Oklahoma Supreme rejected Kansas City's argument and found that UIM coverage was available to Torres' estate even though the insurance policy at issue was purchased by Torres' employer. The focus for the availability of UIM coverage is whether the person seeking UIM benefits is an insured who is legally entitled to recover, and it made no difference that Torres was not the party who purchased the UIM coverage. Id. at 411. Kansas City argued that it would have no right of subrogation against the negligent co-worker who caused the accident, but the Oklahoma Supreme Court did not find that this provided any basis to deny Torres' claim for UIM benefits. UIM coverage is intended to compensate an insured for a loss which the tortfeasor is unable to make full compensation, and the insurer company assumes the risk that it may not be made whole by the tortfeasor. Id. at 410. The insurer's inability to be made whole by means of subrogation will provide a basis to deny UIM benefits to an insured only when the insured

7

engages in an affirmative act or prejudicial conduct for the purpose of destroying the insurer's right to subrogation. Id. at 413; see also Phillips v. New Hampshire Ins. Co., 263 F.3d 1215 (10th Cir. 2001) ("At least four times the Oklahoma Supreme Court has held that even if the [UIM] carrier is legally barred from exercising its subrogation rights against the tortfeasor, it must still pay its insured unless it would be unfair in light of the insured's knowing, affirmative, and prejudicial conduct.").

Hudson argues that neither Barfield nor Torres stands for the proposition that a vehicle is uninsured because the tortfeasor is immune from suit, because those cases are focused on the "legally entitled to recover" aspect of a UIM claim. Hudson claims that the Court would be ignoring the Oklahoma Supreme Court's decision in Simmons v. Hartford Accident & Indem. Co., 543 P.2d 1384 (Okla. 1975), which held that a vehicle is uninsured for the purpose of § 3636 only if the vehicle lacks the statutorily mandated liability coverage. The Court does not find Hudson's arguments persuasive. Barfield and Torres do not specifically discuss whether an immune tortfeasor is uninsured under § 3636, but in both cases the Oklahoma Supreme Court found that an insured could recover UIM benefits when the insured could not directly collect under an automobile liability insurance policy after receiving workers' compensation benefits. Neither Torres nor Barfield makes any sense unless it is implied that an immune tortfeasor is treated as an uninsured motorist as a matter of Oklahoma law. In a prior case, this Court assumed that as a matter of Oklahoma law a co-employee who was immune from suit was also uninsured and that UIM coverage could be available if the other requirements of a UIM claim were satisfied. Argonaut Ins. Co. v. Earnest, 861 F. Supp. 2d 1313, 1316 n.2 (N.D. Okla. 2012). The Oklahoma Supreme Court has not expressly stated that a tortfeasor immune from suit due to the exclusive remedy of workers' compensation is uninsured,

but the Court would be ignoring the clear implication of Barfield and Torres if it were to find to the contrary.

Hudson argues that this Court is bound by the Oklahoma Supreme Court's decision in Simmons and a vehicle is uninsured only if it is "not insured." Dkt. # 17, at 5. Simmons was decided in 1975, and Oklahoma appellate courts have acknowledged that the Oklahoma Legislature amended § 3636 after Simmons to change the definition of uninsured motorist. MFA Ins. Co. v. Hankins, 610 P.2d 785, 878 (Okla. 1980); McKinley v. Prudential Property & Cas. Ins. Co., 619 P.2d 1269, 1270 (Okla. Civ. App. 1980). Specifically, the Oklahoma legislature amended § 3636 to clarify that the statute provided for underinsured motorist benefits as well as uninsured motorist benefits. However, Simmons has been favorably cited by the Oklahoma Supreme Court to the extent that the Simmons recognized that "the language in § 3636 should be interpreted to accomplish the legislative purpose of providing coverage for injuries that would otherwise go uncompensated." Ply, 81 P.3d at 650 (citing Simmons, 543 P.2d 1384). Based on Barfield and Torres, it is a reasonable conclusion that the broader policy recognized in Simmons of providing UIM benefits for harm that would otherwise go uncompensated includes situations in which the tortfeasor is immune from suit under workers' compensation law. The Court finds that Hudson's reliance on the holding of Simmons is misplaced, because the specific holding of Simmons concerning the definition of an uninsured motor vehicle is no longer valid law.

The Court finds that plaintiff's counter-motion for judgment on the pleadings should be granted to the extent that plaintiff seeks a ruling that the Tribal vehicle that he was operating at the time of the accident was uninsured as a matter of Oklahoma law. This does not mean that plaintiff will be entitled automatically to UIM benefits from Hudson. The parties have not briefed the issue

9

of whether plaintiff was an insured under the UIM policy and the Court will not decide that issue in this Opinion and Order. The Court also will not determine whether the Tribe was at fault, because that is a fact-intensive issue that must be decided on a motion for summary judgment or at trial.

**IT IS THEREFORE ORDERED** that plaintiff Tristan Stand's counter-motion for judgment on the pleadings (Dkt. # 21) is **granted in part** and **moot in part**: the motion is granted to the extent that the vehicle operated by plaintiff at the time of the accident is considered uninsured under Oklahoma law, but the motion is moot as to plaintiff's request to find that he was an insured under the policy or that the Tribe was at fault for the accident.

**IT IS FURTHER ORDERED** that the Motion for Judgment on the Pleadings and Brief in Support of Defendant Hudson Insurance Company (Dkt. # 17) is **denied**.

**IT IS FURTHER ORDERED** that a scheduling order will be entered forthwith.

**DATED** this 2nd day of November, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE